Robert Lee Mitchell v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-330-CR

     ROBERT LEE MITCHELL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,394
                                                                                                                

O P I N I O N
                                                                                                                
 
      After a bench trial, Appellant Robert Lee Mitchell was convicted of possession of a controlled
substance, cocaine, in an amount less than one gram. See Tex. Health & Safety Code Ann.
§ 481.115 (Vernon 1999). Mitchell was sentenced to fourteen months’ imprisonment in a state
jail facility. 
      Mitchell presents four issues in which he claims that: (1) the court erred when it admitted the
State’s “criss-cross” directories because they were hearsay; (2) the evidence is legally insufficient
to support his conviction; (3) the evidence is factually insufficient to support his conviction; and
(4) his sentence is illegal because it was not a suspended term of imprisonment as required by the
law existing at the time of his offense.
      We affirm the judgment.
FACTUAL BACKGROUND
      On July 31, 1996, after receiving information from a confidential informant, Detective Jerry
Putman obtained a warrant to search Mitchell’s alleged residence. At the residence, Detective
Putman found Mitchell, a woman, and a small child. Detective Putman executed the warrant and
found two “super glue-type” containers with flakes of cocaine in Mitchell’s bedroom, one in the
pocket of a man’s jacket and the other in a dresser drawer. Detective Putman also found on a
work bench in the backyard, a brown prescription pill bottle that contained marijuana. 
      The containers found at Mitchell’s residence were analyzed. Debra Regean, a chemist for the
Department of Public Safety in Waco, testified that trace amounts of cocaine were found in all of
the containers. Ms. Regean testified that the State’s Exhibit 3, the container discovered on
Mitchell’s work bench, contained .00075 grams of cocaine. 
      The trial court found Mitchell guilty and sentenced him to fourteen months’ imprisonment. 
HEARSAY
      Mitchell’s first issue claims that the trial court erred when it admitted the State’s “criss-cross”
directories


 into evidence. Mitchell contends that the “criss-cross” directories were rank hearsay. 
Mitchell argues that the directories were the only evidence to link him to the residence where the
cocaine was discovered. Since the directories were hearsay and improperly admitted, Mitchell
contends this was harmful error which requires reversal of his conviction. 
      When alleged hearsay is cumulative of the same evidence properly admitted without objection
from other witnesses and sources, there is no reversible error. Barcenes v. State, 940 S.W.2d
739, 749 (Tex. App.—San Antonio 1997, pet. ref’d); Nixon v. State, 940 S.W.2d 687, 689-90
(Tex. App.—El Paso 1996, pet. ref’d); Peden v. State, 917 S.W.2d 941, 951 (Tex. App.—Fort
Worth 1996, pet. ref’d). The State presented evidence, without objection, that: (1) Mitchell was
inside the residence at the time the cocaine was found; (2) Detective Putman knew Mitchell had
been living at this residence for quite some time; and (3) Mitchell’s driver’s license listed his
residence as the same address as the one where the cocaine was discovered. Even assuming that
the directories were hearsay, the State presented competent, properly admitted, unobjected-to-evidence to prove that Mitchell did in fact live at the residence in which the cocaine was
discovered. 
      We overrule Mitchell’s first issue.
 LEGAL INSUFFICIENCY
      Mitchell’s second issue argues that the evidence was legally insufficient to support his
conviction. When reviewing the legal sufficiency of the evidence, we must view the evidence in
the light most favorable to the prosecution and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App. 1997) (en banc), cert. denied, ___ U.S. ___, 118 S.Ct. 125, 139
L.Ed.2d 75; Smith v. State, 959 S.W.2d 1, 18 (Tex. App.—Waco 1997, pet. ref’d).
      In order to prove unlawful possession of a controlled substance, the State must prove that the
defendant: (1) exercised actual care, control, and management over the contraband; and (2) knew
that the substance in his possession was contraband. Tex. Health & Safety Code Ann. §
481.115(a) (Vernon 1999); Wallace v. State, 955 S.W.2d 148, 150 (Tex. App.—Beaumont 1997,
no pet.). When the contraband is not found on the defendant or within his exclusive possession,
the State must present evidence that affirmatively links the contraband to the defendant. Jones v.
State, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref’d). This evidence suffices for
proof that the defendant knowingly possessed the contraband.


 Brown v. State, 911 S.W.2d 744,
747 (Tex. Crim. App. 1995) (en banc); Jones, 963 S.W.2d at 830; Davila v. State, 930 S.W.2d
641, 645 (Tex. App.—El Paso 1996, pet. ref’d).
      Mitchell argues that the State did not prove any affirmative links between himself and the
minute amount of cocaine found at the residence. However, the State proved many affirmative
links between Mitchell and the cocaine. They were: (1) Mitchell was found in the residence at
the time the cocaine was discovered; (2) Detective Putman testified that he knew that Mitchell
lived at the residence for quite some time; (3) the first cocaine container was discovered in the
pocket of a man’s jacket and there was no evidence of any other man besides Mitchell living at the
residence; (4) the second cocaine container was discovered in the same room as the man’s jacket;
(5) Mitchell’s driver’s license listed his address as the same address of the residence where the
cocaine was discovered; and (6) there was evidence that the residence had a history of heavy drug
trafficking.
      We hold that after examining all the evidence before us, any rational trier of fact could have
found that the State proved all the essential elements of the offense beyond a reasonable doubt. 
      We overrule Mitchell’s second issue.
FACTUAL SUFFICIENCY
      Mitchell’s third issue claims that the evidence was factually insufficient to support his
conviction. When reviewing whether the evidence was factually sufficient, we must view the
evidence without the prism of “in the light most favorable to the prosecution” and set aside the
verdict only if the verdict is so contrary to the overall weight of the evidence to be clearly wrong
and unjust. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (en banc); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (en banc). We must review all of the
evidence and consider it as a whole, not just viewing it in the light most favorable to the other
party. Cain, 958 S.W.2d at 408. When performing our review, we must give due deference to
the fact finder’s assessment of the weight and credibility of the evidence in order not to act as the
“thirteenth juror.” Calhoun v. State, 951 S.W.2d 803, 810 (Tex. App.—Waco 1997, pet. ref’d). 
      Mitchell claims that there is no evidence to prove that he knowingly possessed the cocaine and
thus his conviction is against the great weight of the evidence. As mentioned previously, there
were many affirmative links between Mitchell and the cocaine. Mitchell attempted to raise
reasonable doubt by opining that only trace amounts of cocaine were found and that the State did
not conclusively prove that Mitchell was the only male that lived at the residence. However,
Mitchell did not call any witnesses or present any evidence on his behalf. The trial court chose
to disregard Mitchell’s theory and found him guilty of possession. After viewing all the evidence,
we cannot say the verdict is so contrary to the weight of the evidence as to be manifestly unjust. 
      We overrule Mitchell’s third issue. ILLEGAL SENTENCE
      Mitchell’s fourth issue contends that the trial court erred when it did not suspend his sentence
of imprisonment as required by the law existing at the time of his offense.


 Mitchell claims that
the State did not present any evidence that he committed prior felonies and thus his sentence is in
direct contravention of the mandatory provisions of the statute and is void. The State argues that
Mitchell was convicted of a previous felony that was listed in his presentence investigation report
(“PSI”) and that the court properly considered Mitchell’s PSI. 
      The trial court is authorized to consider a defendant’s presentence investigation report when
determining his sentence. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp. 1999). 
A PSI is not required to be admitted into evidence before it can be considered by the trial court
for sentencing purposes. Montgomery v. State, 876 S.W.2d 414, 416 (Tex. App.—Austin 1994,
pet. ref’d); Mayfield v. State, 757 S.W.2d 871, 875 (Tex. App.—Houston [1st Dist.] 1988, pet.
ref’d). 
      The State filed Mitchell’s PSI on August 14, 1997. Mitchell’s PSI contained his previous
felony conviction for possession of marijuana in 1977.


 The trial court held a sentence hearing
on Mitchell’s conviction on September 8, 1997. The trial court properly considered Mitchell’s
PSI which contained his previous felony conviction. We hold that the trial court committed no
error when it did not suspend the imposition of Mitchell’s sentence. 
      We overrule Mitchell’s fourth issue.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

 
Before   Chief Justice Davis
      Justice Cummings and
      Justice Vance
Affirmed
Opinion delivered and filed December 30, 1998
Do not publish