Calvin Brent MAYFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00270–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1988.

Richard Frankoff, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Cathleen C. Herasimchuk, Cindy Merrill, Harris County Asst. Dist. Attys., Houston, for appellee.

Before LEVY, WARREN and SAM BASS, JJ.

## OPINION ON MOTION FOR REHEARING

LEVY, Justice.

Our opinion dated July 30, 1987, is withdrawn, and the following is substituted.

Appellant, Calvin Brent Mayfield, was found guilty by a jury of attempted murder and sentenced by the trial court to 20 years confinement. On appeal, appellant alleges eight points of error.

In his first point of error, appellant argues that his conviction is void because the judge presiding over pre-trial matters and the trial was not duly elected or properly assigned to hear his case.

The record reveals that appellant's indictment was filed in the 208th Judicial District Court. The Honorable Thomas Routt is the duly elected and presiding judge of that court and presided over some pre-trial matters but the trial and other pre-trial matters were conducted by the Honorable George Kelton, a senior judge in the 161st Judicial District Court. The caption of the case recites that Judge Kelton was presiding over a regular term of the 208th Judicial District Court beginning on the third day of February, 1986, and adjourning on the fourth day of May, 1986. However, the record also contains an order of assignment, assigning Judge Kelton to the 208th District Court for one week, beginning March 30, 1986, a date that is over a month after the trial commenced on February 11, 1986.

■ It is thus unclear from the record under what authority Judge Kelton presided over appellant's trial. This omission, however, is not fatal because the exchange of benches may be made without the necessity of a formal order. *Floyd v. State*, 488 S.W.2d 830, 832 (Tex.Crim.App.1972). Even though appellant now complains of Judge Kelton presiding at his trial, the record contains no objection, oral or written, to the assignment of Judge Kelton as the trial judge. It is settled that a timely *written* objection to the judge assigned to the case must be filed before trial. Tex. Rev.Civ.Stat. art. 200a–1, § 4.013(c) (Vernon Supp.1988). Because the record reveals no objection to the assignment of Judge Kelton, all objections to his authority to preside over the trial are deemed waived, and it is presumed that the judge was properly engaged in the regular discharge of his duties. *Floyd v. State*, 488 S.W.2d at 832; *Jones v. State*, 700 S.W.2d 31, 32 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Appellant has waived his point of error.

Appellant's first point of error is overruled.

In his second point of error, appellant argues that the trial court erred in refusing to grant appellant's motion to recuse, or in failing to forward his motion to the administrative judge to have another judge hear the motion.

The record reveals that appellant filed a motion to recuse the trial judge, the Honorable Thomas Routt, because appellant had sent numerous letters of complaint and had instituted a civil rights lawsuit against Judge Routt. Appellant relies on Tex.Rev. Civ.Stat. art. 200a (ch. 156, 1927 Tex.Gen. Laws 228, *repealed by* ch. 480, § 26(1), (1985) Tex.Gen.Laws 3363, 4085; ch. 732, § 5(1), 1985 Tex.Gen.Laws 5284, 5309) (now Tex.Govt.Code Ann. § 74.059 (Vernon 1988)), for the proposition that the trial judge is required either to grant the motion, or to refer the matter to the administrative judge so that another judge may be assigned to hear the matter. Judge Routt did neither; instead, he heard the motion himself, and denied it.

■ The Court of Criminal Appeals, when addressing a point of error brought pursuant to former article 200a, has held that appellant must show on appeal that the trial judge was biased even if a motion for recusal was improperly denied. *McClenan v. State*, 661 S.W.2d 108, 110–11 (Tex.Crim.App.1983). Appellant has failed to show that the trial judge was biased because Judge Routt did not preside over the trial. In addition, although appellant alleges that the change of the trial judge "came too late in the proceeding to afford the proper relief," he fails to state any specific basis for this claim, or to demonstrate any harm. Absent a showing of the trial judge's bias or any specific claim of prejudice to the appellant, any error occasioned by Judge Routt's denial of the motion to recuse is harmless.

*Appellant's second point of error is overruled.*

In his third point of error, appellant argues that the trial court erred in denying his motion for discovery, made during trial, requesting the written statement of appellant's wife. Appellant claims that the court's improper denial of his motion impaired the "truth-seeking function of appellant's trial," and contravenes the trend toward relaxing or abolishing rules that inhibit that function.

■ Appellant does not dispute that under current Texas law, he was not entitled to discover his wife's statement, which was in the custody of the State, because the discovery of statements other than that of the appellant is specifically barred by Tex. Code Crim.P.Ann. art. 39.14 (Vernon 1979). Appellant does not cite any legal basis for allowing discovery of the statement, nor did he allege at trial that the statement contained evidence favorable to the defense. *Holloway v. State*, 525 S.W.2d 165, 169 (Tex.Crim.App.1975). In addition, the State did not call Ms. Mayfield as a witness or use her prior statement to impeach her. *Graham v. State*, 486 S.W.2d 92, 96 (Tex. Crim.App.1972).

Appellant relies only on cases announcing the general principle that "[t]he right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). The cases cited by appellant, however, do not discuss an appellant's alleged due process right to discovery of a statement but rather discuss an appellant's due process rights involved in the State's use of a confession, *Harper v. State*, 148 Tex.Crim. 354, 357, 187 S.W.2d 570, 572 (1945), and an appellant's due process right not to be seen in jail clothes. *Estelle v. Williams*, 425 U.S. at 504, 96 S.Ct. at 1693. No case in direct support of his proposition is cited, nor have we found any.

*Appellant's third point of error is overruled.*

Appellant claims in his fourth point of error that the trial court erred in failing to grant his motion to dismiss on Speedy Trial Act grounds because he was not tried within 120 days. Appellant relies on Tex.Code Crim.P.Ann. art. 32A.02, § 1(1) (Vernon Supp.1988) which reads:

Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.

On July 1, 1987, the Texas Court of Criminal Appeals held in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987), that the Speedy Trial Act is unconstitutional because it violates the "separation of powers" doctrine. Appellant did not preserve for appellate review any speedy trial claim under the federal or state constitutions.

■ In the interest of justice, however, we note that the record reflects that appellant was indicted on March 2, 1984, and that the State announced ready on March 21, 1984, only 32 days after the commission of the offense. This is prompt prosecutorial action by *any* standard, statutory or constitutional.

Appellant's fourth point of error is overruled.

In his sixth point of error, appellant argues that the record is insufficient to sustain his conviction because the evidence supports that appellant acted in self-defense, or fails to support appellant's identity as complainant's assailant.

Our established standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981).

The evidence reveals that complainant, Fred Smith, visited his estranged wife, Elbennetter Smith, now Elbennetter Mayfield, at their home. While Fred was leaving with his children, he encountered appellant who threatened Fred with a machete. Fred left, purchased a gun at a nearby pawn shop, and returned to his home where he fired a warning shot into the ground and told appellant to get off his property. Fred returned later, bringing his children home, and after spending a few moments inside, he stepped outside to leave. At that time, appellant threatened Fred and pulled out a pistol and shot him.

Two witnesses at trial testified that they had heard appellant make threats against Smith. Ms. Mayfield also testified to substantially the same facts except that she asserted that Smith's gun butt was "sticking out of his briefcase" at the time he was shot. Smith, however, testified that his gun was under the seat of his car during the incident.

■ Appellant was entitled to a charge on the theory of self-defense because Ms. Mayfield's testimony raised that theory. *Booth v. State*, 679 S.W.2d 498, 500 (Tex. Crim.App.1984). The record reveals that the trial court complied with the rule that it was to charge on any defensive theory raised by the evidence, however strong, feeble, or contradicted, because it charged the jury on self-defense. A jury, however, may accept or reject the self-defense theory, and the jury in this case rejected the theory. The record supports this possible conclusion because the only evidence of self-defense was Ms. Mayfield's testimony that Smith had a gun; there is no evidence that Smith had actually threatened appellant at the time of the shooting.

■ Furthermore, there is ample evidence to support the jury's finding that appellant was clearly identified as Smith's assailant. Review of the question of sufficiency of the evidence to sustain a conviction will be evaluated in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App. 1984). Smith testified that he saw appellant pull out a gun and shoot him. There was no evidence offered during the guilt-innocence phase of the trial to contradict this testimony. *Flanagan v. State*, 675 S.W.2d 734, 745–46 (Tex.Crim.App.1982).

Appellant's sixth point of error is overruled.

■ Appellant argues in his eighth point of error that the trial court erred in entering a finding in the judgment as to the date of the commission of the offense because appellant's guilt was determined by a jury. However, this Court has previously deter-

mined that the trial court has authority to enter the date of the offense in the judgment, when the court is the trier of fact at the punishment stage and has enough evidence on the issue before it, provided, of course, that the matter has not already been determined by the jury. *See Flann v. State,* 702 S.W.2d 602, 604–05 (Tex.Crim. App.1985) (op. on reh'g); *Latson v. State,* 713 S.W.2d 137, 141 (Tex.App.–Houston [1st Dist.] 1986, pet. ref'd).

Appellant's eighth point of error is overruled.

We now consider appellant's fifth point of error in which he asserts that the trial court erred in finding that appellant owed complainant $36,000 in restitution as a term of his parole because there was no factual evidence to support this determination. Appellant argues that the only possible evidence supporting complainant's medical expenses is found in the pre-sentence report, and that this ex parte report should not be used to uphold the court's finding not only because the record fails to show that the court considered the report, but also because the report's statutory purpose is only to determine punishment, and not to ascertain the amount of restitution as a condition of parole.

The record reveals that the trial court continued appellant's case after the jury found him guilty so that a pre-sentence investigation report could be prepared and filed with the court.

Under Tex.Code Crim.P.Ann. art. 42.12, § 15(g)(1) (Vernon 1979), the trial court is authorized to make a finding of restitution payable by a defendant as a term of parole. Tex.Code Crim.P.Ann. art. 42.12, § 4, provides for the compilation of a pre-sentence report by the probation officer; under § 4(e), "The court shall allow the defendant or his attorney to comment on the report and, with the approval of the court, *introduce testimony or other information alleging a factual inaccuracy in the report."* (Emphasis added.) Tex.Code Crim. P.Ann. art. 37.07, § 3(d) (Vernon Supp. 1988) provides:

When the judge assesses punishment, he may order an investigation report ... *and after considering the report,* and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

(Emphasis added.)

▮ The appellant argues that because the report was not marked and introduced as an exhibit, the report was not to be considered by the judge. Neither art. 37.-07, § 3(d), nor art. 42.12, § 4, requires a formal offer into evidence of the report. It is a part of the court files of which the trial judge may always take judicial note. *Mason v. State,* 495 S.W.2d 248, 250 (Tex. Crim.App.1973); *Huffman v. State,* 479 S.W.2d 62, 88 (Tex.Crim.App.1972). Additionally, we note that both the appellant and the State referred to, quoted from, and relied upon the P.S.I. throughout the hearing. In fact, appellant's counsel, in his closing argument to the court, asked the judge to take the P.S.I. into consideration and give appellant a light sentence. It is well settled that when both sides treat an exhibit as if it were in evidence, then it is considered to be in evidence. *Kissinger v. State,* 501 S.W.2d 78, 79 (Tex.Crim.App. 1973).

Accordingly, we hold that the pre-sentence investigation report was properly considered as evidence by the trial judge.

▮ If the appellant had any objection to the amount of restitution contained in the report or to the entry of the restitution order, it was his obligation to object at the sentencing hearing. Although appellant had ample time and opportunity to object at the sentencing hearing, he remained silent. Not only did he fail to object, he also affirmatively validated the contents of the report, which included the restitution evidence, by twice agreeing that "everything in the P.S.I. [was] truthful."

Appellant has waived his fifth point of error by failing to object at the sentencing hearing and cannot now object for the first time on appeal.

Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.