Thomas John Nicholas Mikos
**NICOLOPULOS,**
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 6–92–123–CR.

Court of Appeals of Texas,
Texarkana.

Sept. 22, 1992.

William K. Goode, Goode & Goode, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Thomas Nicolopulos pleaded no contest to a charge of possession with intent to deliver a controlled substance. Punishment was submitted to the court and was set at sixty years in prison and a fine of $200,000.00. In this appeal, Nicolopulos argues that the trial court erred in allowing, at the punishment phase of the trial, evidence of extraneous acts. We disagree and affirm the judgment.

■ Nicolopulos complains about statements included in a presentence investigation report made by probation officer George Barrett. In the report, Robert Krichke, the chief of police in Hamburg Township, Michigan, was said to have reported that Nicolopulos had repeatedly rented out a house that he did not own. Krichke said he believed Nicolopulos used the rental money to purchase the cocaine found in his possession. At the punishment hearing, defense counsel objected to the admission of the statements from the report. The trial judge overruled the objection, stating, "For whatever it is worth, it will be allowed to stay in the report."

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9 (Vernon Supp.1992) provides, in relevant part, that

> Before the imposition of sentence by the court in a felony case ... the court shall direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged ... the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(d) (Vernon Supp.1992) provides that,

> When the judge assesses the punishment, he may order an investigative report as contemplated in Section 4 of Article 42.12 ... and after considering the report ... he shall forthwith announce

his decision ... as to the punishment to be assessed.

■ Thus, the trial judge is specifically authorized by statute to consider the contents of the presentence report. That the investigative report contains hearsay information does not preclude its use by the sentencing judge. *Brown v. State,* 478 S.W.2d 550 (Tex.Crim.App.1972).[1]

The information Nicolopulos challenges here related to his criminal and social history and thus was properly considered pursuant to the provisions of Article 37.07, § 3(d).

For the reasons stated, the judgment is affirmed.

---

1. *Brown v. State* was decided when Article 37.07, § 3(d) allowed the use of a presentence report only in cases where the judge was considering whether the defendant should receive pro-

bation. The statute was amended effective September 1, 1981, to allow the use of such report in determining punishment. *See Jackson v. State,* 680 S.W.2d 809 (Tex.Crim.App.1984).