**Jason Earl MONTGOMERY,
II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–93–573–CR.**

Court of Appeals of Texas,
Austin.

March 2, 1994.

---

Mark E. Danford, McDurmitt & Danford, Belton, for appellant.

Arthur "Cappy" Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellant pleaded guilty to an indictment accusing him of aggravated robbery. Tex.Penal Code Ann. § 29.03 (West Supp. 1994). After hearing evidence, the court adjudged appellant guilty and assessed punishment, enhanced by previous felony convictions, at imprisonment for life. The judgment contains an order cumulating the sentence in this cause with the sentence imposed in cause number CR–92–211 in the 22nd District Court of Hays County. Tex.Code Crim.Proc.Ann. art. 42.08 (West Supp.1994). Appellant's only point of error is that the evidence does not support the cumulation order.

■ Before a sentence may be cumulated with that imposed following a previous conviction, the previous conviction and sentence must be proved and the defendant must be identified as the person previously convicted. *Turner v. State*, 733 S.W.2d 218 (Tex.Crim. App.1987). Appellant contends the proof in this cause is insufficient in both respects.

The State responds that the requisite proof is found in the presentence report and in statements by appellant and his attorney at trial.

■ Appellant requested in writing that a presentence investigation be conducted. Tex.Code Crim.Proc.Ann. art. 42.12, § 9 (West Supp.1994). The resulting presentence report, which was made a part of the appellate record, recites that on December 18, 1992, appellant was convicted in Hays County of attempted capital murder (cause number CR92211) and aggravated robbery (cause number CR92210), and sentenced to concurrent ninety-nine-year terms of imprisonment. The district court announced that it had reviewed the report and asked appellant and his counsel if they wished to correct any inaccuracies. Article 42.12, § 9(d), (e). After pointing out three errors in the report that are irrelevant to this appeal, defense counsel stated that "everything else, all of the other factual information seems to be correct." Appellant personally agreed with this assessment.

The record reflects that appellant initially agreed to a plea bargain whereby he would plead guilty in this cause in exchange for the State's punishment recommendation of twenty years imprisonment, cumulated with the ninety-nine-year sentences received in the Hays County cases.[1] After appellant withdrew from this agreement, the State filed a motion asking the district court to cumulate the sentence assessed in this cause with those received in Hays County. The existence of the Hays County convictions was assumed by all parties during trial, at which the only issue was whether the court should grant the cumulation motion.

Appellant argues that, under *Turner*, a cumulation order is valid only if the record contains a certified copy of the judgment in the previous conviction and testimony by a person with knowledge identifying the defendant as the person previously convicted. He relies on this summary of the *Turner* holding: "In *Turner*, the court held that, in order

1. The agreement was more complex than this statement suggests, but the other provisions have no bearing this opinion.

to support a motion for consecutive sentencing, the State must present record evidence of prior convictions and testimony identifying appellant as the person previously convicted." *Johnson v. State,* 749 S.W.2d 513, 515 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

The Code of Criminal Procedure authorizes the consideration of a presentence report when the court assesses punishment. Tex.Code Crim.Proc.Ann. art. 37.07, § 3(d) (West Supp.1994). We believe that the contents of a presentence report constitute "record evidence." *See Mayfield v. State,* 757 S.W.2d 871, 875 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (presentence report is part of court file of which judge may always take note and need not be formally offered in evidence). Moreover, we do not read the opinions in *Turner* and *Johnson* as narrowly as does appellant. The Court of Criminal Appeals has recognized a variety of ways to prove a previous conviction for the purpose of enhancing punishment for a repeat or habitual offender. *See Daniel v. State,* 585 S.W.2d 688, 690 (Tex.Crim.App.1979). We believe that similar flexibility should apply to the proof of a previous conviction for the purpose of cumulating sentences.

Appellant and his attorney were given an opportunity to examine the presentence report and did not dispute the accuracy of the information regarding the Hays County convictions. To the contrary, they both stated for the record that the report was accurate. We agree with the State that, under these circumstances, the presentence report is sufficient to establish that appellant was convicted of attempted capital murder in Hays County cause number CR–92–211 and sentenced to imprisonment for ninety-nine years, and thus sufficient to support the district court's order cumulating the sentence in the present cause with the sentence in the Hays County case.

The judgment of conviction is affirmed.