IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1270-03






JAMES BREWER, Appellant



vs.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 

FROM THE TWELFTH COURT OF APPEALS 

SMITH COUNTY



 Cochran, J., delivered the opinion of the Court, in which Keller, P.J., 
Meyers, Price, Womack, Johnson, Hervey, and Holcomb, JJ., joined. Keasler,
J., dissented without opinion.


OPINION 



 We granted review in this case to determine whether the court of appeals correctly
concluded that the evidence was sufficient to prove that appellant had been finally convicted
of the prior felony offense alleged in the enhancement paragraph of the indictment. The court
of appeals held that, because the trial court took judicial notice of the contents of a
presentence investigation report (PSI) and both parties referred to that report, the evidence was
sufficient to prove the enhancement paragraph. (1) However, the PSI was not included in the
appellate record. Without consulting the PSI that the trial judge consulted, we cannot
determine whether his act of taking judicial notice of that report was a sufficient substitute for
formal proof of the prior conviction. We conclude that the court of appeals prematurely
addressed the sufficiency of the evidence because the PSI that the trial court relied upon was
missing from the appellate record. We therefore vacate the judgment of the court of appeals,
and remand to that court for further proceedings.I. 

 Appellant was indicted for unlawful possession of a firearm by a felon. (2) The underlying
felony conviction alleged in the indictment was aggravated assault. Appellant formally
stipulated to this aggravated assault conviction. The indictment also contained an enhancement
paragraph alleging the prior felony of possession with intent to deliver a controlled substance. 
Appellant did not stipulate to this controlled substance conviction. A jury convicted appellant
of the charged offense.

 At the punishment hearing before the trial judge, appellant was not asked to plead to the
enhancement allegation, and he did not do so. The State asked the judge to take judicial notice
of the PSI and re-offered the evidence from the guilt/innocence phase. Defense counsel stated
that he had "received a copy of the PSI [and] had no objections, additions, or proposed changes
to the PSI." Defense counsel did not object to the trial court taking judicial notice of the PSI
or of its contents. The State rested without offering any other evidence. The defense offered
the testimony of three witnesses, two of whom were generally aware of appellant's prior
convictions. During closing argument, the State remarked:

 [I]n looking at the presentence investigation report that I know that the
Court has taken judicial notice of, the first thing that the Court and -- the State
wants to discuss or bring to the Court's attention, this is a third degree felony
enhanced by the prior conviction, making this a punishment range of two to
twenty years. ... That means so much to this defendant, that opportunity at
probation, that he is revoked and sentenced additionally for aggravated assault
with a deadly weapon and delivery of a controlled substance and goes to the
penitentiary for five years. (3) 

 In summation, the defense stated: 

 [T]he State wants this case to be about his prior convictions for injury to
a child. They want it to be about his prior conviction for delivery of a controlled
substance. They want it to be about his prior conviction for aggravated assault.
... [H]e's been convicted for those offenses. He's been to the penitentiary for
those offenses. He's served his time to the judicial body that heard those
causes.... 

 Prior to sentencing appellant, the trial judge remarked "I don't remember how many
probations you've had revoked. I made a mental note, when I was studying the PSI earlier this
week before the trial, before this hearing, that your rap sheet wouldn't fit on one sheet of
paper." Then, without explicitly finding the allegations in the enhancement paragraph "True,"
the trial court sentenced appellant to sixteen years in prison. This sentence is six years more
than the maximum sentence for a third-degree felony, but within the two-to-twenty year range
of a third-degree felony enhanced by a prior felony conviction. The written judgment contains
the notation "Findings on Enhancement: None." The trial court's docket sheet is also silent
with respect to any finding on the enhancement paragraph.

 On appeal, appellant contended, inter alia, that the evidence was insufficient to sustain
the sixteen-year sentence because there was no evidence that he had been finally convicted of
the felony offense alleged in the enhancement paragraph. The court of appeals disagreed. It
concluded that legally sufficient evidence supported the enhancement paragraph, even though
the PSI was not included in the appellate record, because:

 The trial court took judicial notice of the PSI;

 The PSI was referred to on several occasions by both the court and the State;

 Appellant's counsel referred to the information in the PSI; and

 Two of appellant's witnesses at punishment testified that they were generally
aware of appellant's prior convictions. (4)


We granted review to determine whether the court of appeals erred in this conclusion. 

II. 

 There are numerous ways to prove that the defendant is the same person who was
convicted of a prior offense alleged in an enhancement paragraph. One, of course, is a
defendant's plea of "True" to the enhancement paragraph, which relieves the State of the need
to offer any extrinsic evidence. (5) Another is a written stipulation signed by the defendant. (6) 
Here again, the State need not offer any extrinsic evidence. A third manner of establishing a
defendant's prior conviction without formally offering extrinsic evidence is through judicial
notice of the contents of the court's official files. (7) Judicial notice of the contents of a
PSI-albeit hearsay-may be sufficient to prove an enhancement allegation if no one objects to
the accuracy of the PSI information, but that source information, the PSI, must be in the
appellate record if an appeal is taken. (8) Otherwise, a reviewing court cannot determine: 1)
whether the source information actually establishes the judicially noticed fact; and 2) whether
the trial court erred in taking judicial notice based upon the quality of the source information.

 Section 9 of article 42.12 of the Code of Criminal Procedure requires the community-supervision officer to make a presentence investigation and prepare a report- the PSI-in most
felony cases when the trial judge is to assess the sentence. (9) That written report includes, inter
alia, "the criminal and social history of the defendant, and any other information relating to
the defendant or the offense requested by the judge." (10) When the PSI is completed, the trial
judge "shall permit the defendant or his counsel to read the presentence report." (11) At
sentencing, the defense may "comment on" the report and "introduce testimony or other
information alleging a factual inaccuracy in the investigation or report." (12) Similarly, the State
is entitled to review any PSI information made available to the defendant. (13) At the sentencing
hearing, the trial judge, after considering the PSI report, ruling on any objections to that
report, (14) and listening to any testimony offered by the State and the defense, announces his
sentence. (15) 

 The purpose of compiling a PSI is to fully inform the trial court of the circumstances
of the offense, the defendant's background, education, prior offenses, and prospects for
rehabilitation, and the harm, if any, caused to the victim of a crime. There would be little
purpose in compiling this report if the trial judge cannot rely upon the information contained
within it. (16) Because the Texas Legislature gave the defendant an explicit statutory right and
opportunity to object to the factual accuracy of its contents and to correct any mistakes or
misstatements, it surely intended that the trial judge would rely upon unobjected-to facts
contained within that PSI when assessing an appropriate punishment. (17) 

 Therefore, we hold that a trial judge may take judicial notice of unobjected-to facts
contained within a PSI. Our Texas courts of appeals have frequently stated that a trial court
may take judicial notice of the existence of records-such as a PSI-within the trial court's
file. (18) Prior Texas cases have also held that a trial judge may take judicial notice of the truth
of the contents of PSI reports under Rule 201 of the Texas Rules of Evidence when a defendant
does not object to them. (19)

 Rule 201 governs judicial notice of adjudicative facts, such as the fact of a defendant's
prior conviction. Rule 201(b) defines the two distinct types of adjudicative facts subject to
judicial notice:

 [a] judicially noticed fact must be one not subject to reasonable dispute in that
it is either (1) generally known within the territorial jurisdiction of the trial
court or (2) capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned. (20) 


Facts "generally known within the territorial jurisdiction of the trial court" are sometimes
called "notorious facts." (21) A party requesting judicial notice of a "notorious" fact need not
supply the court with any additional information; merely stating the "notorious" fact suffices
because it is so well known within the particular jurisdiction. (22) Facts that are "capable of
accurate and ready determination by resort to sources whose accuracy cannot reasonably be
questioned" are known as "verifiably certain facts." (23) A party who requests the court to take
judicial notice of a verifiably certain fact must generally provide the court with written source
material. (24) A "notorious" fact pedigrees itself; a "verifiably certain fact" requires the
production of an indisputable source. Judicial notice of "verifiably certain facts" dispenses
with the need for a sponsoring witness, a formal offer of proof, or admissible documents, but
it still requires substantiation with source material. "To facilitate appellate review, the source
relied upon for notice, as well as other references consulted in establishing the
authoritativeness of the primary source, should be set forth in the record." (25) 

 A person's prior criminal convictions are rarely "notorious" facts generally known to
the well-informed citizenry of the jurisdiction. Thus, they are not subject to judicial notice
under Rule 201(b)(1). However, we agree with those Texas courts of appeals that have
concluded that the contents of a PSI may be judicially noticed under Rule 201(b)(2) as
verifiably certain facts when supported by a source "whose accuracy cannot reasonably be
questioned" if the opposing party had an opportunity to question the source in the trial court
and did not do so. (26) 

 Thus, if either the State or the defendant requests the trial court to take judicial notice
of some fact contained within the PSI, and the opposing party (who has previously had an
opportunity to review that report) does not object to the accuracy of that fact, the trial court's
act of taking judicial notice dispenses with the need for any further, formal proof of the fact. 
The PSI report need not be formally introduced into evidence. (27) The PSI report itself is
"confidential" and may be released only as specified under article 42.12(j). (28) Because the PSI
report is deemed "confidential" by law, it is not required to be made part of the appellate
record (29) and thus is not normally included in that record. (30) But when the trial judge reviews and
relies upon the unobjected-to contents of a PSI, appellate courts must also be able to review
the judicially noticed content of those reports. (31)

III.


 In this case, the State requested the trial court to take judicial notice of the contents of
the PSI. Appellant did not object to this request, and his counsel had previously stated on the
record that he had no objections, additions, or deletions to the PSI. Everyone referred to the
PSI and its contents; they acted as if it were in evidence. Therefore, we conclude that the PSI,
though not formally admitted into evidence, was the equivalent of a properly admitted exhibit. (32) 

 Because the PSI is not in the appellate record, the reviewing courts have an insufficient
appellate record. The trial court may have had sufficient information before it-this we do not
know. Neither we nor the court of appeals have reviewed the PSI (whose contents the trial
court judicially noticed) to determine whether it contains sufficient source information to
prove the enhancement allegations. 

 When relevant items have been omitted from the clerk's record, "the trial court, the
appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and
file in the appellate court a supplement containing the omitted item." (33) If the PSI was once a
part of the trial court's record, but was omitted from the appellate record, that record may be
supplemented. The sufficiency of all of the information that was considered by the trial court
may then be reviewed to determine the legal sufficiency of the evidence to support the
enhancement paragraph. 

 If the PSI was not a part of the official record before the trial court, the court of appeals
should review the sufficiency of the evidence on the present record, but without speculating
as to the possible contents of a PSI that is not part of the record. 

 We therefore vacate the decision of the court of appeals and remand the case to that
court for further proceedings consistent with this opinion.

Cochran, J.

Delivered: May 19, 2004.

 Do Not Publish
1. Brewer v. State, No. 12-01-00369-CR (Tex. App.-Tyler June 25, 2003) (not designated
for publication), 2003 Tex. App. LEXIS 5338. 
2. Tex. Pen. Code § 46.04. 
3. The convictions for the aggravated assault (the basis for the current charge of felon in
possession of a firearm) and for the controlled substance offense (the basis for the enhancement
paragraph) were both alleged to have become final on the same day.
4. Brewer, slip op. at 7-9.
5. Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984), Harvey v. State, 611
S.W.2d 108, 111 (Tex. Crim. App. 1981). In Daniel v. State, 585 S.W.2d 688, 690-91 (Tex. Crim.
App. 1979), we set forth some of the various ways of proving enhancement-paragraph allegations
when the defendant does not plead "True."
6. Daniel, 585 S.W.2d at 690.
7. A court may take judicial notice of its own records in the same case under Tex. R. Evid.
201(b)(2). See Turner v. State, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987) ("the trial court may
judicially notice its own records and proceedings and take judicial notice that a defendant has been
previously convicted by the court"). 
8. See Montgomery v. State, 876 S.W.2d 414, 415-16 (Tex. App.-Austin 1994, pet. ref'd)
(when presentence investigation report was made a part of the appellate record, recitations concerning
defendant's prior final felony convictions contained therein sufficed to prove those convictions for
purposes of cumulation order). 
9. Tex. Code Crim. Proc. art. 42.12, § 9.
10. Id., § 9(a).
11. Id., § 9(d).
12. Id., § 9(e).
13. Id., § 9(f).
14. See, e.g., Garcia v. State, 930 S.W.2d 621, 623 (Tex. App. - Tyler 1996, no pet.)
(defendant objected to trial court taking judicial notice of prior convictions listed in PSI, but when he
failed to offer any testimony or information disputing accuracy of that information when trial judge
expressly invited him to do so, no error in considering those prior convictions in assessing sentence).
15. Tex. Code Crim. Proc. art. 37.07, § 3(d). 
16. See generally, Fryer v. State, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002) (stating that
PSI statute authorizes trial court to consider hearsay information in PSI; "[t]o hold otherwise ... would
be to 'deny the obvious purpose of the statute'") (quoting Brown v. State, 478 S.W.2d 550, 551
(Tex. Crim. App. 1972). 
17. See Montgomery, 876 S.W.2d at 416 (noting that "the Code of Criminal Procedure
authorizes the consideration of a presentence report when the court assesses punishment" and
concluding that "the contents of a presentence report constitute 'record evidence'"); Nicolopulos v.
State, 838 S.W.2d 327, 328 (Tex. App.-Texarkana 1992, no pet.) ("the trial judge is specifically
authorized by statute to consider the contents of the presentence report"); see also Cardenas v. State,
960 S.W.2d 941, 947 n.5 (Tex. App.-Texarkana 1998, pet. ref'd) ("[a]lthough presentence reports
are not usually offered formally into evidence, there is authority indicating that since they are presented
for the consideration of the trial judge in sentencing, they are treated as evidentiary in nature").
18. Montgomery, 876 S.W.2d at 416 (stating that contents of presentence report constitute
"record evidence" and, when defendant did not object, were sufficient to establish defendant's prior
convictions); Garcia, 930 S.W.2d at 624 ("[t]he trial court did not err in taking judicial notice of and
considering the material contained in the PSI" concerning defendant's prior offenses and immigration
record when assessing punishment); Mayfield v. State, 757 S.W.2d 871, 875 (Tex. App.-Houston
[1st Dist.] 1988, pet. ref'd) (concluding that PSI "is a part of the court files of which the trial judge may
always take judicial note").
19. See Montgomery, 876 S.W.2d at 416; Nicolopulos, 838 S.W.2d at 328; Mayfield, 757
S.W.2d at 875; see also Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.-Beaumont 1996, no
pet.) (when defendant made "no objection to the trial court taking judicial notice of the presentence
report, nor did he object when specific information from the report was read[,]" his Confrontation
Clause claim concerning hearsay in report, which was first raised on appeal, presented nothing for
review).
20. Tex. R. Evid. 201(b). 
21. See Tranter v. Duemling, 129 S.W.3d 257, 262 (Tex. App.-El Paso 2004, n.p.h.). 
22. See id. For example, the fact that the sun rises in the east is a notorious fact. The party
requesting the trial court to take judicial notice of the fact that the sun rises in the east need not provide
the court with any additional information. 
23. Id. 
24. See id. For example, the exact time that the sun rose on a specific day at a certain location
may be a verifiably certain fact. The party requesting judicial notice of the fact that sunrise was at 6:50
a.m. on Wednesday, April 28, 2004, in Austin, Texas, must provide the trial court with substantiating
material from a source whose accuracy cannot reasonably be questioned. 
25. 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence §51 at 271
(2d ed. 1994). Ordinarily, a copy of the written source material is submitted for the trial court's
consideration and the record. However, a verbal recitation of the contents of the source material
suffices when a voluminous treatise, a map, or some other bulky item is the source material. Sometimes
a mere pinpoint reference to an indisputable source is sufficient if that source is easily obtainable to
reviewing courts.
26. See Gerhardt, 935 S.W.2d at 196; Garcia, 930 S.W.2d at 624; Montgomery, 876
S.W.2d at 416; Nicolopulos, 838 S.W.2d at 328; Mayfield, 757 S.W.2d at 875.
27. See 43 George Dix and Robert Dawson, Texas Practice: Criminal Practice and
Procedure, § 38.172, at 789 (2d ed. 2001) (noting that "[i]t seems unlikely there is a requirement that
the presentence report be formally admitted into evidence in the penalty phase of the case. These
proceedings are ordinarily very informal and do not usually involve the taking of testimony from
witnesses").
28. Tex. Code Crim. Proc. art. 42.12, § 9(j).
29. See Tex. R. App. P. 34.5(a) (listing required contents of clerk's record on appeal).
30. However, as Professors Dix and Dawson state:

 the [PSI] report could be formally admitted into evidence. If it is so admitted, it would
then be a part of the appellate record in the case. The report can also be admitted into
the record for possible appellate review.

Dix & Dawson, § 38.172, at 789. 
31. Any confidential contents of the PSI would not be "revealed" in the public papers of an
appellate record if the report is filed as a sealed document. Alternatively, specific information within the
PSI that is judicially noticed may be recited into the record.
32. See Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977) (although warrant
was neither formally introduced nor admitted into evidence, it was treated by court and parties as if
admitted; therefore, record supported extradition order); Richardson v. State, 475 S.W.2d 932, 932-33 (Tex. Crim. App.1972) (although exhibits were not formally introduced into evidence, the record
indicated that they were accepted by the trial court and were relied upon; exhibits were sufficient to
support conviction); Fuller v. State, 30 S.W.3d 441, 445 n.2 (Tex. App.-Texarkana 2000, pet. ref'd)
(although trial judge did not formally admit letter into evidence, he took judicial notice of it and therefore
appellate court would treat it as an admitted exhibit); Lara v. State, 962 S.W.2d 148, 151 (Tex.
App.-San Antonio 1998, no pet.) (treating stipulations as admitted into evidence because the court
considered them).
33. Tex. R. App. P. 34.5(c)(1); see Ruffin v. State, 3 S.W.3d 140, 145 (Tex. App.-Houston
[14th Dist.] 1999, pet. ref'd)(court of appeals ordered appellate record supplemented with PSI report
when the existence and contents of PSI were relevant to appellate complaints); Lara, 962 S.W.2d at
149 (permitting supplementation of record with defendant's written stipulation which, though not
admitted into evidence, was reviewed and considered by the trial judge).