**Affirmed and Opinion filed November 18, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00915-CR

## TOMMIE LEE JACKSON, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1366858**

## O P I N I O N

We must decide whether a presentence investigation (PSI) report, admitted into evidence as an exhibit during the sentencing hearing, provides sufficient evidence of appellant's prior convictions for purposes of proving enhancement allegations. Because we hold that appellant's PSI report provided sufficient evidence to link him to two prior convictions alleged in the indictment for enhancement, we affirm the trial court's judgment.

BACKGROUND

Appellant Tommie Lee Jackson pleaded guilty to first-degree felony theft without an agreed recommendation as to punishment. The indictment contained two enhancement paragraphs, which elevated the punishment range to twenty-five to ninety-nine years or life. *See* Tex. Penal Code Ann. § 12.42(d). Because the trial court was to assess punishment, the Harris County Community Supervision and Corrections Department prepared a PSI report, which stated that appellant had been convicted of the two offenses contained in the indictment's enhancement paragraphs. The State introduced the report into evidence at the sentencing hearing, and appellant's counsel had "[n]o objections to State's Exhibit 1."[1] The trial court admitted the PSI report, and it is part of the record on appeal.

After appellant and the State finished closing argument, the trial court found appellant guilty and assessed punishment at twelve years' confinement. But the State informed the trial court, "When he pled guilty, he pled true to both enhancement paragraphs." Appellant's trial counsel agreed, "He pled true to both. That's why I said 25 minimum and 25 max." Ultimately, the trial court sentenced appellant to twenty-five years' confinement and certified his right to appeal.

## ARGUMENTS

On appeal, appellant contends that the State failed to prove the enhancement allegations beyond a reasonable doubt, and the evidence is therefore insufficient. In particular, he argues that "(1) the record is unclear about whether [appellant] pled 'true' to the enhancement paragraph(s); and (2) the State failed to produce sufficient evidence to link [appellant] to the enhancement paragraph(s)."

---

[1] Appellant did not contest the factual accuracy of the report. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(e) (defendant may comment on report and request approval to introduce testimony or other information alleging a factual inaccuracy).

Appellant suggests, and the State does not dispute, that appellant's personal verbal or written plea of "true" to the enhancement allegations is not contained in the record. The State contends appellant is "estopped from arguing that the available record fails to prove that he did not enter pleas of true to the enhancement paragraph because appellant failed to provide the record of his plea by waiving his right to a court reporter." The State contends further that the PSI report supports a finding of "true" to the enhancement paragraphs.

## ANALYSIS

We need not decide whether this record indicates that appellant pleaded "true" to the enhancement paragraphs[2] because we conclude the PSI report provides sufficient evidence to support the trial court's implied finding that both enhancement paragraphs were true.

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required. *Id.* Regarding enhancement allegations in particular, "Chapter 12 of the Penal Code deals with enhanced penalties for repeat or habitual offenders, but it does not require that the fact of a prior conviction be established in any particular manner or with any specific document." *Id.* at 922.

A trial court may consider a defendant's criminal history identified in a PSI report when assessing punishment. *See Bell v. State*, 155 S.W.3d 635, 638–39 (Tex. App.—Texarkana 2005, no pet.) (citing *Nicolopulos v. State*, 838 S.W.2d

---

[2] *See Cameron v. State*, No. PD-1427-13, — S.W.3d —, 2014 WL 4996290, at *4 (Tex. Crim. App. Oct. 8, 2014) ("It is well established that 'this Court accepts as true factual assertions made by counsel which are not disputed by opposing counsel.'" (quoting *Thieleman v. State*, 187 S.W.3d 455, 457 (Tex. Crim. App. 2005)).

3

327, 328 (Tex. App.—Texarkana 1992, no pet.)); *Williams v. State*, 958 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *Garcia v. State*, 930 S.W.2d 621, 624 (Tex. App.—Tyler 1996, no pet.). Prohibiting the trial court from considering information in the PSI, even if it is hearsay, would "'deny the obvious purpose of the statute.'" *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002) (quoting *Brown v. State*, 478 S.W.2d 550, 551 (Tex. Crim. App. 1972)). The Austin Court of Appeals held that a PSI report provided sufficient evidence that a defendant was previously convicted of a crime for purposes of cumulation, noting that the "Court of Criminal Appeals has recognized a variety of ways to prove a previous conviction for the purpose of enhancing punishment for a repeat or habitual offender." *Montgomery v. State*, 876 S.W.2d 414, 416 (Tex. App.— Austin 1994, pet. ref'd). Importantly, a defendant has an opportunity to review a PSI report and dispute its accuracy. *See, e.g.*, *id.*; *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(e).

In an unpublished opinion, the Court of Criminal Appeals concluded that a trial court could take judicial notice of facts asserted in a PSI report for the purpose of finding enhancement allegations true based on prior convictions. *See Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *2–3 (Tex. Crim. App. May 19, 2004). This opinion is not precedent, and we do not cite it as authority, *see* Tex. R. App. P. 77.3, but the court's reasoning is illustrative and persuasive. In particular, the court reasoned:

> The purpose of compiling a PSI is to fully inform the trial court of the circumstances of the offense, the defendant's background, education, prior offenses, and prospects for rehabilitation, and the harm, if any, caused to the victim of a crime. There would be little purpose in compiling this report if the trial judge cannot rely upon the information contained within it. Because the Texas Legislature gave the defendant an explicit statutory right and opportunity to object to the factual accuracy of its contents and to correct any mistakes or

4

> misstatements, it surely intended that the trial judge would rely upon unobjected-to facts contained within that PSI when assessing an appropriate punishment.

*Brewer*, 2004 WL 3093224, at *3 (citing, *inter alia*, *Fryer*, 68 S.W.3d at 631; *Montgomery*, 876 S.W.2d at 416; *Nicolopulos*, 838 S.W.2d at 328).

Because a PSI report is intended to acquaint the sentencing trial judge with the defendant's criminal history, and the defendant has a full opportunity to object to the accuracy of the PSI report, a trial court may consider unobjected-to criminal convictions listed in the PSI report when assessing an appropriate sentence. *See Bell*, 155 S.W.3d at 638–39; *Williams*, 958 S.W.2d at 845; *Garcia*, 930 S.W.2d at 624; *Montgomery*, 876 S.W.2d at 416.

Here, unlike in many cases,[3] the State introduced the PSI report into evidence, and it is part of the record on appeal. Consistent with the indictment, the PSI report states:

> Before the commission of the alleged offense, on November 26, 1991, in Cause Number 0610850, in the 174th District Court of Harris County, Texas, the defendant was convicted of the felony offense of Unauthorized Use of a Motor Vehicle.

> Before the commission of the primary offense and after the conviction in Cause Number 0610850 was final, the defendant committed the felony of Unauthorized Use of a Motor Vehicle and was finally convicted of that offense on March 18, 1993, in Cause Number 0643050, in the 351st District Court of Harris County, Texas.

The PSI report establishes that the two prior convictions exist and that appellant was linked to those convictions. Accordingly, the PSI report is evidence from which the trial court could find beyond a reasonable doubt that the enhancement allegations were true.

---

[3] *See Brewer*, 2004 WL 3093224, at *4 (PSI report is "not normally included" in the appellate record).

Appellant's sole issue on appeal is overruled.  We affirm the trial court's judgment.

/s/     Sharon McCally
        Justice

Panel consists of Justices McCally, Brown, and Wise.

Publish — Tex. R. App. P. 47.2(b).