

# NUMBER 13-17-00150-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARCO MEDRANO,                                             Appellant,

## v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

By one issue, appellant Marco Medrano asserts that there was legally insufficient evidence to demonstrate that he had a prior felony conviction, for purposes of the habitual offender statute.   We reverse and remand for a new trial on punishment only.

# I. BACKGROUND

A grand jury indicted Medrano for aggravated assault and two counts of attempted aggravated robbery. The indictment alleged that each count should be enhanced due to Medrano's prior felony conviction in 2009 for burglary of a habitation. Finally, the indictment alleged that Medrano committed both offenses with the aid of a deadly weapon: a hammer.

At a bench trial, witnesses testified that Medrano brandished a hammer and threatened his neighbors while under the influence of drugs. Medrano began to smash the windows of their vehicles and houses, and he swung the hammer at one neighbor, Nora Guzman, striking and breaking her left arm. The trial court found Medrano guilty of (1) one count of aggravated assault, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(b) (West, Westlaw through 2017 1st C.S.); and (2) two counts of the lesser-included offense of attempted robbery, a third-degree felony. *See id.* §§ 15.01(d), 29.02(b) (West, Westlaw through 2017 1st C.S.).

During the punishment phase, the State asked the trial court to take judicial notice of Medrano's pre-sentence investigation report (PSI). The State asserted that the PSI report contained information concerning Medrano's prior conviction for burglary, for purposes of proving the repeat-felony-offender enhancement. Counsel for Medrano indicated that he had the opportunity to review the PSI, and he had no objection to the trial court taking judicial notice of the PSI. The trial court responded, "Okay. State, do you want to close?" The PSI report does not appear in the record.

2

The parties made closing argument, and the trial court pronounced its sentence. For the aggravated assault count, the trial court sentenced Medrano to thirty-five years in prison. For the two attempted robbery counts, the trial court found that both were punishable as second-degree felonies rather than third-degree felonies, and it sentenced Medrano to fifteen years for each count.[1] All sentences were to run concurrently.

After sentencing, the State sought to confirm that the trial court had, in fact, found the repeat-felony-offender enhancement allegation to be true:

| The State: | Just for the record, are you finding the [repeat-felony-offender] judgment true, the prior judgment? Just so I can . . . |
| --- | --- |
| The Trial Court: | Well, did you-all submit evidence of that? |
| The State: | I think we— |
| The Trial Court: | There's a stipulation as to that. |
| The State: | We stipulated. |
| The Trial Court: | Then that's true. I find that true. Yes. All right. Thank you-all very much. |

*See id.* § 12.42 (West, Westlaw through 2017 1st C.S.). The proceeding concluded, and this appeal followed. No stipulation appears in the record on appeal.

## II. DISCUSSION

By his sole issue, Medrano disputes the notion that he stipulated to a prior felony conviction. Medrano observes that the trial court found the habitual-felony-offender enhancement to be true and enhanced the punishment range for each of his convictions

---

[1] The trial court made a deadly weapon finding as to the aggravated assault conviction, but not as to the attempted robbery convictions.

accordingly. Medrano contends, however, that the record is devoid of any evidence demonstrating a stipulation or a plea of true to the enhancement. If there is no affirmative evidence in the record showing a plea of "true" to an enhancement allegation, the State must prove the allegation beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016). The State does not dispute this point, and we agree that the record contains no evidence of a stipulation or plea of true.[2]

The State instead responds that even if Medrano did not stipulate to the prior conviction, it can be established through Medrano's PSI report. However, the State has filed—and we have granted—two motions to supplement the record. Even after supplementation, the PSI does not appear in the record. Because the PSI report is absent, we cannot rely on the PSI as a basis for affirmance, as we explain.

In reviewing the sufficiency of the evidence to support a finding that an enhancement is true, we consider all the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Id.* at 589. To establish that the defendant has been convicted of a prior offense, the State must prove that (1) a prior, final conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *see Ex parte Pue*, __S.W.3d__, __, No. WR-85,447-01,

---

[2] The judgment recites that Medrano entered a plea of true to the enhancement. However, that recitation does not necessarily relieve the State of its burden to introduce evidence of either (1) a plea of true to the repeat-offender enhancement or (2) the prior conviction itself. *See Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). As in *Wood*, Medrano "pled not guilty to the indictment, offered testimony and evidence at the bench trial in an attempt to refute the officer's testimony, and requested probation at punishment." *See id.* Because Medrano entered a plea of not guilty to the indictment, and the record shows that he disputed his guilt and punishment, we will not presume that he pled "true" to the enhancement paragraph of the indictment, regardless of the judgment recitation. *See id.*

4

2018 WL 1109471, at *3 (Tex. Crim. App. Feb. 28, 2018) (addressing finality).   No

specific document or mode of proof is required to prove these two elements.   *Flowers*,

220 S.W.3d at 921.

A trial court may take judicial notice of a prior conviction described in a PSI report,

which may be sufficient to prove an enhancement allegation if no party objects to the

accuracy of the PSI information.   *Jackson v. State*, 474 S.W.3d 755, 757 (Tex. App.—

Houston [14th Dist.] 2014, pet. ref'd) (cataloging cases); *see Montgomery v. State*, 876

S.W.2d 414, 415–16 (Tex. App.—Austin 1994, pet. ref'd) (per curiam); *see also Mayfield

v. State*, 757 S.W.2d 871, 875 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (op. on

reh'g).[3]   To fall within this rule, however, the PSI report must be made a part of the record.

*See Montgomery*, 876 S.W.2d at 415; *Jackson*, 474 S.W.3d at 758.

The Texas Court of Criminal Appeals has also issued an unpublished opinion

which endorses judicial notice of a prior conviction described in a PSI report, so long as

it appears in the appellate record.   *See Jackson*, 474 S.W.3d at 757 (discussing *Brewer

v. State*, No. 1270–03, 2004 WL 3093224, at *2–3 (Tex. Crim. App. May 19, 2004) (op.,

not designated for publication)).   As the *Jackson* court recognized, the unpublished

*Brewer* opinion is not precedent, and we do not cite it as authority, but its reasoning is

nonetheless "illustrative and persuasive."   *See id.*   In particular, *Brewer* clearly explains

---

[3] In *Montgomery v. State*, the court cited several justifications for its holding:   (1) it was appellant himself who requested the PSI report which described the prior convictions, and the district court relied on the PSI report without objection; (2) appellant was given an opportunity to dispute the convictions, but instead endorsed the PSI report's accuracy; (3) the Legislature expressly authorized the district court to consider PSI reports when assessing punishment; (4) the trial record showed that all parties assumed the existence of the convictions; and (5) the Texas Court of Criminal Appeals has recognized "a variety of ways to prove a previous conviction," suggesting that a "flexib[le]" approach is warranted.   *See* 876 S.W.2d 414, 415–16 (Tex. App.—Austin 1994, pet. ref'd) (per curiam); *Mayfield v. State*, 757 S.W.2d 871, 875 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (op. on reh'g) (similar).

5

why judicial notice of a prior conviction from a PSI report should be permitted, but only if the PSI report appears in the record:

> The purpose of compiling a PSI is to fully inform the trial court of the circumstances of the offense, the defendant's background, education, prior offenses, and prospects for rehabilitation, and the harm, if any, caused to the victim of a crime. There would be little purpose in compiling this report if the trial judge cannot rely upon the information contained within it. Because the Texas Legislature gave the defendant an explicit statutory right and opportunity to object to the factual accuracy of its contents and to correct any mistakes or misstatements, it surely intended that the trial judge would rely upon unobjected-to facts contained within that PSI when assessing an appropriate punishment.
>
> . . . Prior Texas cases have . . . held that a trial judge may take judicial notice of the truth of the contents of PSI reports under Rule 201 of the Texas Rules of Evidence when a defendant does not object to them.
>
> . . . Facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned are known as "verifiably certain facts." A party who requests the court to take judicial notice of a verifiably certain fact must generally provide the court with written source material. . . . Judicial notice of "verifiably certain facts" dispenses with the need for a sponsoring witness, a formal offer of proof, or admissible documents, but it still requires substantiation with source material. To facilitate appellate review, the source relied upon for notice, as well as other references consulted in establishing the authoritativeness of the primary source, should be set forth in the record.

*Brewer*, 2004 WL 3093224, at *3 (quotations and citations omitted).

The PSI does not appear in the record, and therefore the State may not rely upon judicial notice of that document to demonstrate the existence of a prior conviction. *See* TEX. R. EVID. 201(b)(2); *Montgomery*, 876 S.W.2d at 415. Finding no other factual support for the prior conviction, we conclude that there is insufficient evidence to support the enhancement of Medrano's conviction. *See Wood*, 486 S.W.3d at 589; *see also* TEX. PENAL CODE ANN. § 12.42. Such a failure of proof is not subject to a harmless error

6

analysis. *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009); *see Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008).

For the aggravated assault count, the trial court sentenced Medrano to thirty-five years in prison—a punishment above the maximum of twenty years for a second-degree felony with no enhancement. *See* TEX. PENAL CODE ANN. § 12.33(a) (West, Westlaw through 2017 1st C.S.) (punishment range); *id.* § 22.02(b) (aggravated assault). For the two attempted robbery counts, the trial court sentenced Medrano to fifteen years in prison—a punishment above the maximum of ten years for an unenhanced third-degree felony. *See id.* § 12.34(a) (West, Westlaw through 2017 1st C.S.) (punishment range); *id.* § 15.01(d) (criminal attempt); *id.* § 29.02(b) (robbery). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (en banc).

This illegality requires reversal, but it does not bar the use of the enhancement in any subsequent proceeding. "When a reviewing court determines that the State's evidence fails to show that an enhancement allegation is true, the Double Jeopardy Clause does not bar the use of the enhancement conviction during a retrial on punishment." *Jordan*, 256 S.W.3d at 292. The State's failure to present sufficient evidence to support the enhancement allegations requires us to reverse and remand for a new trial on punishment only, during which the State may present evidence concerning Medrano's prior convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West, Westlaw through 2017 1st C.S.); *Hartwell v. State*, 476 S.W.3d 523, 541 n.9 (Tex. App.—Corpus Christi 2015, pet. ref'd); *Wise v. State*, 394 S.W.3d 594, 600–01 (Tex. App.—

7

Dallas 2012, no pet.); *Dixon v. State*, 932 S.W.2d 567, 571 (Tex. App.—Tyler 1995, no pet.).

We sustain Medrano's sole issue.

### III.    CONCLUSION

We reverse and remand the matter to the trial court for a new trial on punishment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of April, 2018.

8