

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00377-CR

**RALPH DEWAYNE WATKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D36507

## MEMORANDUM OPINION

Ralph Watkins appeals from a conviction for the offense of possession of a controlled substance of four grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE §481.115(d). On original submission, this Court affirmed the judgment after deleting an improper award of restitution and attorney's fees, but the Court of Criminal Appeals reversed our judgment and remanded the proceeding for this Court to conduct a harm analysis in regard to the erroneous admission of evidence not disclosed in discovery. *See Watkins v. State*, 554 S.W.3d 819 (Tex. App.—Waco 2018), *reversed by*

*Watkins v. State,* 619 S.W.3d 265 (Tex. Crim. App. 2021). On remand, Watkins argues that the trial court's erroneous admission of evidence was harmful and that this Court should employ a constitutional harm analysis pursuant to Rule 44.2(a) of the Rules of Appellate Procedure. Watkins alternatively argues that, if we determine that the proper standard is nonconstitutional error, the error was also harmful under that standard. Because we find that the error was harmless pursuant to Rule 44.2(b) of the Rules of Appellate Procedure, we affirm the judgment of conviction as previously modified.

In its opinion, the Court of Criminal Appeals determined that documentary evidence was erroneously admitted during the punishment phase of his trial. The evidence consisted of 34 exhibits that were admitted into evidence during the punishment phase of trial. The exhibits included jail book-in sheets, pen packets, and judgments of conviction for six felony and six misdemeanor convictions. The evidence had not been produced by the State pursuant to article 39.14(a) of the Code of Criminal Procedure. The Court of Criminal Appeals held that the documents should have been produced to Watkins pursuant to his discovery request because they were "material" pursuant to Article 39.14(a). *See Watkins*, 619 S.W.3d at 290. Based on its holding, the Court of Criminal Appeals remanded this proceeding to this Court for this Court to conduct a harm analysis. *Id*. at 291.

Watkins argues that the error in the admission of the exhibits that were not produced should be analyzed pursuant to the standard for constitutional error pursuant

to Rule 44.2(a) of the Rules of Appellate Procedure. However, the error in question is a function of statutory error, that being a violation of the discovery production rules in article 39.14(a) of the Code of Criminal Procedure, and we will address it as such. This is because generally, the right to discovery in criminal cases is not constitutional but statutory in nature, with limited exceptions not at issue in this proceeding. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] did not create one."); *see also Pena v. State*, 353 S.W.3d 797, 809 n.10 (Tex. Crim. App. 2011); *see also United States v. Bagley*, 473 U.S. 667, 675, 105 S. Ct. 3375, 3379-80, 87 L. Ed. 2d 481 (1985) (Prosecutor required pursuant to the Constitution "only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.").

Pursuant to Rule 44.2(b) of the Rules of Appellate Procedure for nonconstitutional error, "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *See* Tex. R. App. P. 44.2(b). In determining whether harm has resulted from the erroneous admission of evidence, a trial court's erroneous admission of evidence will not require reversal when the same evidence was received without objection elsewhere. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see also Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can

be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove.").

In the punishment phase of this trial, testimony regarding several of the extraneous offenses and conduct was presented without objection that went well beyond the scope of the exhibits in question. Watkins pled true to two enhancement paragraphs to which some of the exhibits related. The pre-sentence investigation report (PSI) generally contained the same information in the exhibits and the trial court took judicial notice of its contents without objection by Watkins.[1]

In his brief to this Court on remand, Watkins argues that it was improper for the trial court to take judicial notice of the factual assertions contained within the PSI. However, he did not object to the contents of the PSI at the time the trial court took judicial notice of it, although he had a statutory right to do so. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(e); *repealed by* Acts 2015, 84th Leg., ch. 770 (H.B. 2299) § 3.01, effective January 1, 2017; *recodified as* TEX. CODE CRIM. PROC. ANN. art. 42A.255(b), Acts 2015, 84th Leg., Ch. 770 (H.B. 2299), § 1.01, effective January 1, 2017 (defendant may comment on report and request approval to introduce testimony or other information alleging a factual inaccuracy). "Because a PSI report is intended to acquaint the sentencing trial

---

[1] The State did timely disclose its intent to introduce evidence of the extraneous offenses and bad acts prior to trial. However, the general disclosure of the intent to use these extraneous offenses and bad acts differed substantially from the scope of information in the exhibits in question. Thus, in this proceeding the prior disclosure provides little, if any, assistance to the State in evaluating the harm resulting from the failure to timely produce the exhibits prior to trial as part of the discovery process.

judge with the defendant's criminal history, and the defendant has a full opportunity to object to the accuracy of the PSI report, a trial court may consider unobjected-to [facts] listed in the PSI report when assessing an appropriate sentence." *Jackson v. State*, 474 S.W.3d 755, 757-58 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Because Watkins did not object to the PSI, he cannot complain of the trial court's consideration of the facts contained within it for the first time on appeal. *See* TEX. R. APP. P. 33.1(a); *Jackson*, 474 S.W.3d at 757-58.

We find that because the same or similar evidence to the exhibits at issue was admitted into evidence during the punishment phase of the trial without objection, the admission of the exhibits was harmless. Because we have found the admission of the exhibits to be harmless, we affirm the judgment of the trial court as previously modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed as modified
Opinion delivered and filed January 12, 2022
[CRPM]

