

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00075-CR

MITCHELL WAYNE PETREA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1726265

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Mitchell Wayne Petrea was highly intoxicated when he attempted a U-turn in front of an oncoming tow truck, causing a crash that resulted in the death of his wife, Katelyn. Petrea was charged with intoxication manslaughter and entered an open plea of guilty. The trial court accepted his plea, declared Petrea guilty,[1] held a bench trial on punishment, found that a deadly weapon was used in the commission of the offense, and sentenced Petrea to twenty years' incarceration.

On appeal, Petrea challenges the sufficiency of the evidence supporting his guilty plea and the deadly-weapon finding and asserts that the trial court abused its discretion in refusing his request to withdraw his guilty plea. Because we find that sufficient evidence supports (1) his guilty plea and (2) the deadly-weapon finding and that (3) the trial court did not abuse its discretion, we will affirm the trial court's judgment.

*(1)     Sufficient Evidence Supports Petrea's Guilty Plea*

Petrea's guilty plea was supported by written plea admonishments, waivers, and his judicial confession under oath, in which he judicially confessed to the allegations made in the indictment and attested that all of the facts alleged in the indictment[2] were true and correct.[3] During the plea

---

[1]*See* TEX. PENAL CODE ANN. § 49.08 (West 2011).

[2]In relevant part, the indictment alleged,

> **MITCHELL WAYNE PETREA** on or about the 24th day of August, 2017, and before the presentment of this indictment, in said County and State, did then and there operate a motor vehicle in a public place, while intoxicated, and did by reason of such intoxication cause the death of another, namely, KATELYN PETREA, by accident or mistake, to-wit: by failing to maintain a single lane of traffic and/or by failing to keep a proper lookout for another vehicle.

[3]In his judicial confession, Petrea also attested that his attorney had reviewed the indictment with him and that he understood all matters contained in it.

2

hearing, the State introduced into the record the written plea admonishments, waiver, and judicial confession, without objection.

A trial court may not render a judgment of conviction in a felony case based on a plea of guilty "without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Under its plain terms, Article 1.15 "requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee*, 287 S.W.3d at 14). By merely pleading guilty to the charges in the indictment, the defendant is "not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea." *Menefee*, 287 S.W.3d at 15.

"Evidence offered in support of a guilty plea may take many forms." *Id.* at 13. This evidence may include a judicial confession, which will be sufficient to support a guilty plea as long as it "covers all of the elements of the charged offense." *Id*. However, if the judicial confession does not establish every element of the charged offense, it will not support the conviction. *Id*. at 14.

Petrea acknowledges that the State offered his judicial confession in support of his guilty plea. Nevertheless, he argues that, because the confession contained no substantive reference to the offense charged or the allegations contained in the indictment, it should be held insufficient to support his guilty plea. Petrea cites no statutory or case authority that requires the specific charges and allegations made in the indictment to be contained in the judicial confession in order to support a guilty plea.

3

In *Dinnery v. State*, the Texas Court of Criminal Appeals held that, when a defendant testifies that he has read the indictment and that it is true and correct, it is "tantamount to a statement that all the allegations of the indictment were true and correct and was a judicial confession that he was a guilty participant in the offense charged," and it is sufficient to support a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 352, 354 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g). In this case, Petrea attested in his sworn judicial confession that he had reviewed and understood the indictment and everything contained in it, stated that he committed and was guilty of each allegation made in the indictment, and he attested that all facts alleged in the indictment were true and correct. Since the facts alleged in the indictment cover all of the elements of intoxication manslaughter, we find that the judicial confession was sufficient to support Petrea's guilty plea. *See id.* at 354. We overrule this issue.

*(2)     Sufficient Evidence Supports the Deadly-Weapon Finding*

In entering his guilty plea, Petrea did not admit to the deadly-weapon allegation of the State. He challenges the sufficiency of evidence supporting the trial court's finding that he used a deadly weapon in the commission of the offense.

In the indictment, the State alleged that Petrea used a motor vehicle as a deadly weapon during the commission of the offense. Petrea argues that the State presented no evidence at the punishment hearing showing that he was driving the motor vehicle in a reckless or dangerous manner at the time of the offense. We disagree.

As applicable in this case, a deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE

4

ANN. § 1.07(17)(B) (West Supp. 2017). When the sufficiency of evidence supporting a deadly-weapon finding is challenged, we "review the record to determine whether, after viewing the evidence in the light most favorable to the [verdict], any rational trier of fact could have found beyond a reasonable doubt that the [vehicle] was used or exhibited as a deadly weapon." *Brister v. State*, 449 S.W.3d 490, 493 (Tex. Crim. App. 2014) (quoting *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003)). To sustain a deadly-weapon finding, the evidence must show beyond a reasonable doubt that Petrea (1) used or exhibited a motor vehicle in a manner that was capable of causing death or serious bodily injury, (2) during the commission of intoxication manslaughter, and (3) other people were placed in actual danger. *See id.* at 494 (citing *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005)); *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009).

When a defendant waives trial by jury and enters a guilty plea, the proceeding remains a unitary trial, even though, as in this case, there is a recess to allow for a presentence investigation (PSI) report to be prepared. *Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.). In a unitary trial, all of the evidence admitted may both substantiate the defendant's plea and allow the trial court to determine the proper sentence. *Flores-Alonzo v. State*, 460 S.W.3d 197, 203 (Tex. App.—Texarkana 2015, no pet.) (citing *Rohr v. State*, No. 08-12-00219-CR, 2014 WL 4438828, at *1 (Tex. App.—El Paso Sept. 10, 2014, no pet.) (not designated for publication)). Further, when a PSI report is prepared, the trial court may take judicial notice of unobjected-to facts contained within the PSI report. *See Jackson v. State*, 474 S.W.3d 755, 758 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (PSI report is evidence from which the trial court could find,

5

beyond a reasonable doubt, that enhancement allegations are true).[4] The record in this case reflects that the trial court relied on facts contained in the PSI report in making its determination.[5]

In this case, Petrea attested in his judicial confession that all of the facts alleged in the indictment were true and correct. Thus, Petrea admitted that, as alleged in the indictment, he operated a motor vehicle, while intoxicated, and by reason of such intoxication caused the death of Katelyn by failing to maintain a single lane of traffic and/or by failing to keep a proper lookout for another vehicle. Further, the PSI report contained a laboratory report from the Texas Department of Public Safety showing Petrea had a blood-alcohol content of 0.211 gm/100 ml after the incident. In addition, statements from officers and EMS personnel on the scene after the accident showed that Petrea smelled strongly of alcohol and that he had admitted drinking alcohol before the incident. Also, a statement from a witness who had been following Petrea's pickup showed that Petrea had been swerving in the roadway before he made a sudden U-turn in front of the oncoming truck.

This evidence showed that Petrea was highly intoxicated, drove erratically, and failed to control his vehicle, which endangered both Katelyn and the driver of the tow truck. Consequently,

---

[4]*See also Menefee v. State*, No. 12-07-00001-CR, 2010 WL 3247816, at *7 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (officer narrative contained in unobjected-to PSI report supported guilty plea); *Cardenas v. State*, 960 S.W.2d 941, 947 n.5 (Tex. App.—Texarkana 1998, pet. ref'd) ("Although presentence reports are not usually offered formally into evidence, there is authority indicating that since they are presented for the consideration of the trial judge in sentencing, they are treated as evidentiary in nature."); *Montgomery v. State*, 876 S.W.2d 414, 416 (Tex. App.—Austin 1994, pet. ref'd) (noting that "the Code of Criminal Procedure authorizes the consideration of a presentence report when the court assesses punishment" and concluding that "the contents of a presentence report constitute 'record evidence'"); *Nicolopulos v. State*, 838 S.W.2d 327, 328 (Tex. App.—Texarkana 1992, no pet.) ("[T]he trial judge is specifically authorized by statute to consider the contents of the presentence report.").

[5]Petrea did not object to the trial court's reliance on the PSI report.

6

we find that sufficient evidence supports the trial court's deadly-weapon finding. We overrule this issue.

*(3)*    *There Was No Abuse of Discretion in Refusing to Allow Withdrawal of the Guilty Plea*

Six weeks after Petrea entered his guilty plea, the trial court was notified that he wished to withdraw his plea. At a hearing on his request, Petrea maintained that he earlier thought he was pleading guilty to manslaughter, not intoxication manslaughter, and that he had felt rushed and pressured into entering his plea. After hearing Petrea's testimony, and reviewing the transcript of, and the evidence submitted at, the plea hearing, the trial court denied Petrea's request to withdraw his plea. Petrea asserts that this refusal was an abuse of discretion. He argues that his testimony at the hearing on his request shows that his plea was not made knowingly and voluntarily.

As a matter of right, a defendant may withdraw his guilty plea until the trial court has either pronounced judgment or taken the case under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). However, after the case has been taken under advisement, or after judgment has been pronounced, the withdrawal of the defendant's plea is within the sound discretion of the trial court. *Id.* Once the trial court has accepted the guilty plea and passed the case for the preparation of a PSI report, it has been taken under advisement. *Id.* at 514–15; *Rivera v. State*, 952 S.W.2d 34, 35–36 (Tex. App.—San Antonio 1997, no writ).

Since Petrea sought to withdraw his guilty plea six weeks after the trial court had accepted his guilty plea and recessed the case for the preparation of a PSI report, we review the trial court's denial of his request under an abuse-of-discretion standard. *Rivera*, 952 S.W.2d at 36. A trial court abuses its discretion only if its decision "lies outside the 'zone of reasonable disagreement.'"

*Id.* (quoting *DuBose v. State*, 915 S.W.2d 493, 496–97 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

At the hearing on Petrea's request, he testified that, when he entered his plea, he thought he was pleading guilty to manslaughter, not intoxication manslaughter. However, as the trial court pointed out, the record of the plea hearing shows that, in its admonishments before taking Petrea's plea, the trial court clearly stated that the indictment alleged the offense of intoxication manslaughter and that, in taking his plea, the trial court asked, "To the charge contained in the indictment, intoxication manslaughter, what is your plea to the charge, guilty or not guilty?" Further, the written plea admonishments signed by Petrea state, in bold and all capital letters, that he is charged in the indictment with the offense of "**INTOXICATION MANSLAUGHTER**."

Petrea also testified that he had felt rushed and pressured to enter his guilty plea and that he had received the offer a mere fifteen minutes before his hearing. However, on cross-examination, Petrea admitted that he had received a plea offer almost a month before the hearing and that he received an alternative plea offer on the day of the hearing. Further questioning showed that he received this offer at noon on the day of the hearing and that his plea hearing did not commence until almost 5:00 that afternoon.

On this record, the trial court's denial of Petrea's request to withdraw his guilty plea was within the zone of reasonable disagreement. Since the trial court did not abuse its discretion, we overrule this issue.

8

For the reasons stated, we affirm the trial court's judgment.


Josh R. Morriss III
Chief Justice

Date Submitted:    September 12, 2018
Date Decided:      September 19, 2018

Do Not Publish