Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★     ★ ★ ★



# MEMORANDUM OPINION

No. 04-07-00462-CR

Daniel **PFEIFFER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CR-2141
Honorable Catherine Torres Stahl, Judge Presiding

Opinion by:     Catherine Stone, Justice

Sitting:        Catherine Stone, Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   August 6, 2008

AFFIRMED

Daniel Pfeiffer appeals the trial court's judgment revoking his community supervision based on his commission of two counts of criminal mischief: (1) disassembling his neighbor's fence; and (2) damaging his neighbor's roof while installing his own fence. In two issues Pfeiffer argues: (1) the evidence is insufficient to show these acts constituted criminal mischief; and (2) the trial court's assessment of restitution was improper. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2001, Pfeiffer was placed on community supervision for ten years after being convicted of assault on a public servant. In 2002, Pfeiffer moved into a home at 411 East Cevallos with Elizabeth Steving. Next door, at 415 East Cevallos, was a property owned by Raymond Garcia, which Garcia rented as a commercial property.

In September of 2002, Pfeiffer met Garcia and suggested that they build a fence between the two properties. Pfeiffer wanted to attach the fence to the building on Garcia's property to save money. Pfeiffer presented a survey showing a few feet of Garcia's property would be on Pfeiffer's side of the proposed fence. Garcia did not agree to allow Pfeiffer to build the fence as Pfeiffer proposed.

In November of 2002, Garcia obtained a permit to build a fence on the property line depicted in both Garcia's survey and the survey Pfeiffer showed Garcia at the time Pfeiffer initially suggested the fence. In June of 2004, Garcia's tenant, Rick Montalvo, observed Pfeiffer dismantling and removing the six-foot wooden fence Garcia had built. Montalvo called Garcia, and Garcia called the police. In May of 2006, Montalvo observed Pfeiffer building his own fence by first removing a portion of the roof that hung over Garcia's patio to place a post. Garcia called the police again, and the State thereafter filed a motion to revoke Pfeiffer's community supervision for committing two counts of criminal mischief.

## SUFFICIENCY OF THE EVIDENCE

Pfeiffer contends the State failed to prove that he committed the offense of criminal mischief. The State must prove the allegations in a hearing on a motion to revoke by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State meets its burden

when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). We indulge in inferences in favor of the trial court's ruling and will uphold the judgment revoking community supervision unless there was abuse of discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). When the motion to revoke alleges multiple violations, proof of one alleged violation is sufficient to support an order revoking community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

A person commits the offense of criminal mischief if, without the effective consent of the owner: (1) he intentionally or knowingly damages or destroys the tangible property of the owner; or (2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person. TEX. PEN. CODE ANN. § 28.03(a) (Vernon 2003). In its motion to revoke, the State alleged that Pfeiffer violated the conditions of his community supervision by committing two separate counts of criminal mischief: one count for damaging Garcia's fence and the other count for damaging Garcia's roof. Pfeiffer argues that the evidence presented was insufficient because Garcia's fence and roof intruded upon land that Garcia did not own; therefore, Pfeiffer contends he had the right to disassemble the fence and cut a hole in the roof.

At the hearing on the motion to revoke, the majority of the testimony was about conflicting surveys and the location of the property line. The trial court heard from two surveyors. One surveyor testified for Pfeiffer, and a surveyor who had initially been hired by Garcia testified for the State. Pfeiffer's surveyor made an initial survey for Steving when she bought the property, but the surveyor explained that the survey was incorrect and misplaced the corner of the property. This was

the survey Pfeiffer showed Garcia when he initially suggested constructing a fence to Garcia. The survey also showed the same property lines as the survey conducted by Garcia's surveyor. Based on new information, Pfeiffer's surveyor prepared a new survey changing the property lines. According to the modified survey, Garcia's fence and part of his roof encroached on Steving's property. Pfeiffer contends that he removed Garcia's fence and built his own fence in reliance on the new survey. The State presented testimony from Garcia's surveyor, who admitted that his survey may have been affected by the first survey done by Pfeiffer's surveyor; however, Garcia's surveyor also testified that he had reviewed his survey and believed it was accurate. Reconciling conflicts in the testimony is in the province of the trial court, as the finder of fact, and we are not to disturb the judgment of the trial court as long as there is evidence in the record to support the findings of the trial court. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The trial court could have chosen to believe Garcia's surveyor and determined that Garcia's fence was properly built on the property line. Therefore, the evidence that Pfeiffer damaged the fence and roof was sufficient to support the trial court's finding that Pfeiffer committed the offense of criminal mischief.

Even assuming the evidence was insufficient to support a finding that Garcia's fence was on his own property, the State argues there still was sufficient evidence of criminal mischief. According to the Texas Penal Code, an "owner," for purposes of criminal mischief, is a person with a greater right to possession of the property than the actor. TEX. PEN. CODE. ANN. § 1.07(35)(A) (Vernon 2003). Even if Garcia's roof intruded over the property line, Pfeiffer did not have the right to enter onto Garcia's property and move a post Garcia owned. Garcia had a greater right to possess the building he owned, which was attached to property he owned, even if it intruded over property he did not own. *Cf. Sandoval v. State*, No. 04-01-00661-CR, 2003 WL 145557, *3 (Tex. App.—San

Antonio 2003, no pet.) (not designated for publication) (presuming that trees which encroached on defendant's property were owned by the neighbor). Therefore, Pfeiffer committed the offense of criminal mischief by removing the post.

## RESTITUTION

Pfeiffer argues that restitution was improperly imposed because; (1) Garcia is not a proper victim of the offense of assault on a public servant, for which he was originally convicted; and (2) the trial court did not have a factual basis to support the amount of restitution ordered. The decision whether to order restitution, and the determination of the amount of restitution, is within the discretion of the trial court and is to be reviewed for abuse of discretion. *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980); TEX. CODE CRIM. PROC. ANN. art. 42.037 (Vernon 2006). There are three limits on the amount of restitution that a trial court can order: (1) the amount must be just, and it must be supported by a factual basis within the loss of the victim; (2) the restitution ordered must be for an offense for which the defendant is criminally responsible; and (3) restitution is proper only for the victim, or victims, of the offense with which the offender is charged. *Campbell v. State*, 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999).

Pfeiffer's argument that restitution could not be imposed because Garcia was not a victim of the charged offense – assault on a public servant – is waived because Pfeiffer did not object at trial to the imposition of restitution against him. *Idowu v. State*, 73 S.W.3d 918, 921-22 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly."). The trial court announced at sentencing that it would award restitution for the damaged

property and attorney's fees, and said the amount of restitution needed to be determined. Pfeiffer did not assert any objection; therefore, any complaint about the imposition of restitution is waived.

With regard to Pfeiffer's argument that the trial court did not have a factual basis to support the restitution award, documents listing the various costs that Garcia incurred for property damage to the fence and roof and cost for attorney's fees were included in the trial record. According to those documents, Garcia's costs totaled $ 11,620.00. Although these costs were not discussed at the hearing, these documents were a part of the trial court record. *See Pig v. State*, No. 03-07-00181-CR, 2007 WL 2462036, *2 (Tex. App.—Austin, 2007) (not designated for publication) (noting that the Code of Criminal Procedure does not preclude a pre-sentence report from being used as the basis to set the amount of restitution even if it was not formally admitted into evidence as an exhibit) (citing *Mayfield v. State*, 757 S.W.2d 871, 875 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd)). Therefore the record supports the trial court's restitution award.

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Justice

DO NOT PUBLISH