

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00012-CR

JESUS ANTONIO-HERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027808

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Jesus Antonio-Hernandez pled guilty to murder and, following a bench trial on punishment, was sentenced to sixty years' imprisonment. On appeal, Antonio-Hernandez argues that the evidence was legally insufficient to support the punishment assessed and that the trial court erred in taking judicial notice of facts contained in the presentence investigation (PSI) report when it was not admitted into evidence. We affirm the trial court's judgment because (1) Antonio-Hernandez's punishment was within the statutory range and no separate legal sufficiency review is required in this case and (2) the trial court could consider facts in the PSI report even though it was not admitted into evidence.

## I. Antonio-Hernandez's Punishment Was Within the Statutory Range and No Separate Legal Sufficiency Review is Required in this Case

A sentence "within the proper range of punishment" normally "will not be disturbed on appeal." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see Harvey v. State*, 173 S.W.3d 841, 850 (Tex. App.—Texarkana 2005, no pet.)). Antonio-Hernandez's sixty-year sentence is within the appropriate range for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32. "[S]entencing is within the sound discretion of the trial court, and we review the sentence imposed by a trial court for an abuse of such discretion." *Harvey*, 173 S.W.3d at 850. Antonio-Hernandez has neither argued nor explained how the trial court, which assessed a punishment well within the statutory range, abused its discretion in assessing his sentence. "A trial court will be found to have abused its discretion only if there is no evidence or factual basis for the punishment imposed." *Id.* Here, even if Antonio-Hernandez's brief could somehow be

read to encompass the issue, the evidence that Antonio-Hernandez committed murder, including his confession to the offense and the fact that the sentence is within the statutory range, leads to the conclusion that the trial court did not abuse its discretion in assessing it. *See id.*

Even so, in his first point of error, Antonio-Hernandez challenges the legal sufficiency of the evidence supporting the punishment assessed. Antonio-Hernandez cites to no authority to support the argument that courts should conduct a legal sufficiency review of evidence supporting an assessed sentence in the absence of an allegation that increases or alters the applicable range of punishment. Indeed, Antonio-Hernandez readily acknowledges that we may determine that a review for legal "sufficiency of punishment evidence is not a viable line of appellate inquiry."

This issue was recently addressed by our sister court in *Montelongo v. State*, and we adopt its reasoning. *Montelongo v. State*, No. 08-18-00093-CR, 2020 WL 4034961, at *5 (Tex. App.—El Paso July 17, 2020, pet. ref'd) (not designated for publication).[1] In that case, the El Paso Court of Appeals explained:

> Underpinning legal-sufficiency review is the principle that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). While an appellate court always has the responsibility to confirm, when challenged, that the evidence at issue comports with the beyond-a-reasonable-doubt standard during the guilt/innocence stage of a criminal proceeding, the same need not be said during the punishment phase. Except for enhancement allegations, which, like criminal elements, impose on the State a beyond-a-reasonable-doubt standard of evidentiary proof, *see e.g. Wood v. State*,

---

[1] "Although unpublished cases have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

486 S.W.3d 583, 589 (Tex. Crim. App. 2016) (applying legal sufficiency review to evidence supporting "true" finding of enhancement paragraph), when it comes to assessing the appropriate punishment applicable to a particular defendant, "neither party carries the burden of proving what punishment should be assessed within the statutorily prescribed range applicable to a given offense," *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008).

Indeed, we have found no case in which the Court of Criminal Appeals has ever applied a legal-sufficiency review to a punishment proceeding that did not involve some form of statutory enhancement allegation which increased the punishment applicable to a given offense. Rather, in the context of punishment assessment alone, the Court has observed that when "considering all of the evidence admitted during the guilt and punishment phases, the factfinder engages in a normative process that is uninhibited by any required, specific fact determination to decide what particular punishment to assess within the range prescribed by law." *Jordan*, 256 S.W.3d at 292. In such a context, the fact finder's discretion to impose any punishment within the prescribed range is essentially "unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

*Id.*

As a result, because the State did not raise any allegation that would increase or alter the normal applicable range of punishment "and the trial court assessed punishment within the statutory range, a review of the legal sufficiency of the evidence on which the trial court based its punishment assessment is simply not possible." *Id.* Consequently, we overrule Antonio-Hernandez's first point of error.

## II.  The Trial Court Could Consider Unobjected-to Facts in the PSI Report Even Though It Was Not Admitted into Evidence

After Antonio-Hernandez's plea of guilt, the trial court ordered the preparation of a PSI report as required by Article 42A.252 of the Texas Code of Criminal Procedure. At punishment, the State asked the trial court to take judicial notice of its file, including the PSI report, without objection from Antonio-Hernandez. During closing argument, Antonio-Hernandez relied on

4

information contained in the PSI report, including the lack of a significant criminal record and statements made by Antonio-Hernandez that he did not intend to kill the victim. At sentencing, the trial court made statements indicating that it considered evidence from the PSI report.[2] Antonio-Hernandez filed a motion for new trial on punishment complaining that the trial court erred in considering the facts contained in the PSI report. The trial court denied Antonio-Hernandez's motion after noting, "The facts referenced by the defendant and cited by the Court were contained in the pre-sentence investigation report as part of the agreement of the parties."

On appeal, Antonio-Hernandez argues that the trial court erred in considering the facts in the PSI report because they were not offered by the State or admitted into evidence. We disagree. Nothing requires the PSI report to be admitted into evidence before a trial court can consider it, and we have previously stated that, because the PSI report often contains confidential information, "the better practice is to not admit the PSI into evidence." *Bell v. State*, 155 S.W.3d 635, 639 n.3 (Tex. App.—Texarkana 2005, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 42A.256.

"When the judge assesses the punishment, the judge may order a presentence report . . . , and after considering the report, and after the hearing of the evidence . . . , the judge shall forthwith announce the judge's decision in open court as to the punishment to be assessed."

---

[2]Specifically, Antonio-Hernandez complains that the following statement by the trial court showed that it considered the truth of the facts stated in the PSI report:

> That's what I'm always interested in, is the truth. And what I found fascinating in reviewing the discovery, which took me many, many hours, part of the discovery in this case involved 24 separate disks of various videos from officers' dash cam videos, to body cam videos, to interview room videos, and from the very beginning, when officers first arrived, that's when it started, first arrived to investigate the scene of the burned-out vehicle that had been reported by some citizens who happened to be riding around and found the truck, discovered what appeared to be human remains in the truck and called it in.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (Supp.). "Because a PSI report is intended to acquaint the sentencing trial judge with the defendant's criminal history, and the defendant has a full opportunity to object to the accuracy of the PSI report, a trial court may consider unobjected-to [facts] listed in the PSI report when assessing an appropriate sentence." *Jackson v. State*, 474 S.W.3d 755, 757–58 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

In fact, in an unpublished opinion, the Texas Court of Criminal Appeals concluded that a trial court could consider facts contained in a judicially noticed PSI report for the purpose of finding enhancement allegations true based on prior convictions. *See Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *2–3 (Tex. Crim. App. May 19, 2004) (not designated for publication). This opinion is not precedent, and we do not cite it as authority, but the court's reasoning is persuasive. *See* TEX. R. APP. P. 77.3. The court wrote:

> The purpose of compiling a PSI is to fully inform the trial court of the circumstances of the offense, the defendant's background, education, prior offenses, and prospects for rehabilitation, and the harm, if any, caused to the victim of a crime. There would be little purpose in compiling this report if the trial judge cannot rely upon the information contained within it. Because the Texas Legislature gave the defendant an explicit statutory right and opportunity to object to the factual accuracy of its contents and to correct any mistakes or misstatements, it surely intended that the trial judge would rely upon unobjected-to facts contained within that PSI when assessing an appropriate punishment.

*Brewer*, 2004 WL 3093224, at *3 (footnotes omitted) (citations omitted); *see Petrea v. State*, No. 06-18-00075-CR, 2018 WL 4472224, at *2 (Tex. App.—Texarkana Sept. 19, 2018, no pet.) (mem. op., not designated for publication) ("[W]hen a PSI report is prepared, the trial court may take judicial notice of unobjected-to facts contained within the PSI report.").

6

In sum, because Antonio-Hernandez did not object to the accuracy of statements contained in the PSI report but instead relied on it in closing argument and because the report is not required to be admitted into evidence before it can be considered, we overrule Antonio-Hernandez's last point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Ralph K. Burgess
Justice


Date Submitted:     June 17, 2021
Date Decided:       July 29, 2021

Do Not Publish